IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action: 08-00297-KD-C |
| | ) | |
| MIRIAM R. WOODS, | ) | |
|     Defendant. | ) | |

**ORDER**

This action is before the Court on Defendant Woods' Motion for Expungement. (Doc. 70). In so doing, Defendant Woods has cited no legal grounds or special circumstances warranting expungement. Rather, Defendant Woods states that her federal conviction bothers her because she has changed, and it is "hindering her" life and "opportunities" (including employment prospects).

Defendant Woods, along with a co-defendant, was indicted for bank fraud by uttering counterfeit negotiable instruments drawn on the Regions Bank commercial checking account of First United Methodist Church (Count One); and for possessing/uttering a counterfeited negotiable instrument of First United Methodist Church, with intent to deceive another (Counts Two-Five). (Doc. 1). Defendant Woods plead guilty to Count Two (Docs. 15, 16), and on March 20, 2009 was sentenced to 5 years probation and $7,797.34 in restitution to Regions Bank. (Doc. 23).

Federal convictions cannot be expunged simply as a matter of course, upon request. There is no general statutory or specific right to expungement, no federal statute provides for same, and expungement is not a federal constitutional right. Sealed Appellant v. Sealed Appellee, 130 F.3d 695, 699-700 (5th Cir. 1997);[1] U.S. v. Woods, 2013 WL 3189081, *1 (S.D. Fla. Jun. 20, 2013); U.S. v. Johnson, 714 F. Supp. 522, 523 (S.D. Fla. 1989). "[T]he Court's privilege to expunge matters of public record is one of exceedingly narrow scope." Rogers v. Slaughter, 469 F.2d 1084, 1085 (5th

---

[1] The Eleventh Circuit in Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981), held that decisions of the Fifth Circuit prior to October 1, 1981 are binding in the Eleventh Circuit.

Cir. 1972). See also Woods, 2013 WL 3189081, *1. Even so, expungement (when warranted) is reserved for the unusual or extreme case; otherwise, as noted in Cavett v. Ellis, 578 F.2d 567, 568 (5th Cir. 1978), "[t]he judicial editing of history is likely to produce a greater harm than that sought to be corrected." See also Johnson, 714 F. Supp. at 524. And the power of expungement should never be used where the validity of a conviction is never questioned. Id. at note 2.

The Southern District of Florida's recent opinion in Woods, 2013 WL 3189081, *1-2, discussed expungement precedent and denied a defendant's similar expungement request:

> … Relying on the Fifth Circuit's holdings of Rogers and Cavett, a district court in this circuit cannot expunge a criminal record absent "special circumstances"….
>
> In Rogers, the plaintiff sought to overturn and expunge his conviction "on the ground that he had not been advised of his right to counsel." 469 F.2d at 1085. The district court ordered that the plaintiff's conviction be overturned and his criminal record be expunged. The Fifth Circuit reversed as to expungement, finding that the district court "went too far in ordering the expunction of the official public records" as the remedy of expungement "gave the defendant more relief than if he had been acquitted." Id.
>
> In the instant case, as opposed to Rogers, Woods' criminal conviction (based on her guilty plea) was ***not*** overturned and was not even challenged. Instead, she served her sentence, and now wishes that her criminal record—which she herself acknowledges was warranted—be expunged. Under the precedent cited above, this remedy is both inappropriate and unwarranted.
>
> Prior caselaw from this district has restricted the special circumstances allowing expungement to the following limited scenarios: [1] when mass arrests render judicial determination of probable cause impossible ... [2] when a court determines that the sole purpose of the arrest was to harass the defendant ... [3] where the police misused the police records to the detriment of the defendant ... [4] where the arrest was proper but was based upon a statute later declared unconstitutional ... [5] when the expungement of criminal records is necessary to preserve basic legal rights. United States v. Johnson, 714 F. Supp. 522, 524 (S.D. Fla. 1989) (internal citations omitted).
>
> Woods has not alleged any "special circumstance" which would require her criminal sentence to be expunged. See Cavett, 578 F.2d at 568 (finding that "[s]ince Cavett has alleged no special circumstance that would take him out of the Rogers rule, the district court was clearly correct in dismissing Cavett's request for the expunction of public records"). Indeed, none of the "special circumstances" listed in Johnson are applicable in cases such as Woods', where the original conviction ***was never deemed invalid.*** Courts in this circuit have consistently held "that the power of expungement should never be used where the validity of a conviction is never questioned." Johnson, 714 F. Supp. at 524 n.2 (internal citations omitted). Because Woods' criminal conviction was never deemed invalid, none of the special circumstances listed above could possibly apply in this case…

Woods, 2013 WL 3189081, *1-2.[2]

The Court finds that Woods, whose conviction "was *not* overturned and was not even challenged[,]" has failed to "allege[] any 'special circumstance' which would require her criminal sentence to be expunged." Woods, 2013 WL 3189081,*2. Additionally, as Woods' criminal conviction was never deemed invalid, none of the special circumstances exist. Moreover, "[d]espite the continued adverse effects public knowledge of the conviction[] might have on Defendant, this case is not one which justifies the Court exercising whatever authority it may have to expunge[.]" United States v. Goodrich, 2008 WL 398950, *1 (S.D. Fla. Feb. 12, 2008). In sum, "[w]hile the Undersigned commends Woods for …. [apparently] staying out of trouble with the law, [and trying to become a Registered Nurse][,] simply becoming a better person does not allow one to erase her past." Woods, 2013 WL 3189081, *3 (footnote omitted). Accordingly, it is **ORDERED** that Woods' Motion for Expungement (Doc. 70) is **DENIED**.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Woods at the address from which her motion was sent.

**DONE** and **ORDERED** this the **11th** day of **September 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] See also United States v. Goodrich, 2008 WL 398950, *1 (S.D. Fla. Feb. 12, 2008) and United States v. Carson, 366 F. Supp. 2d 1151 (M.D. Fla. 2004) (discussing expungement).